MARYANN CAZZELL, ESQ.  (SBN 128780)
***CAZZELL & ASSOCIATES, ATTORNEYS***
406 W. Fourth Street
Santa Ana, CA 92701
Tel.  (714) 558-1772
Fax. (714) 558-1883
cazzell@msn.com

**DENIED**
*Judge Jon S. Tigar*

Dated:  December 18, 2015

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| L.A. TAXI COOPERATIVE, INC. dba YELLOW CAB C0., et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No.: 3:15-cv-01257-JST<br><br>ADMINISTRATIVE MOTION OF A WHITE AND YELLOW CAB, INC., PLAINTIFF IN CASE #4:15-cv-05163-JSW, TO DETERMINE WHETHER CASES SHOULD BE DEEMED RELATED |

TO ALL PARTIES, COUNSEL, AND THE CLERK OF THE COURT:

Pursuant to Local Rules 3-12 and 7-11, A WHITE AND YELLOW CAB, INC., a California corporation, dba A TAXI CAB, dba 1-800-4 MY TAXI ("A TAXI,") Plaintiff in the case of *A TAXI v. UBER TECHNOLOGIES, INC., et al.*, case #4:15-cv-05163-JSW filed November 10, 2015 and now pending in the U.S. District Court, Northern District of California, Oakland Division (the "A TAXI CASE") hereby moves to determine that the A TAXI CASE is related to the instant case (the "L.A. TAXI CASE,") and to the cases of *Rosen v. Uber Technologies, etc., et al.,* case #3-15-cv-03866-JST (the "ROSEN CASE") and *De Soto Cab Co., Inc. v. Picker, et al.*, case #3-15-cv-04375-JSC (the "DE SOTO CASE.")  The ROSEN CASE has been deemed related to the "PHILLIBEN CASE" (*Philliben v. UBER Technologies, Inc., etc., et al*., case #3:14-cv-05615-JST,) which itself was deemed related to the L.A. TAXI CASE.

A TAXI requested that counsel in the L.A. TAXI CASE, the ROSEN CASE, and the DE SOTO CASE agree to stipulate that the A TAXI CASE is related to them.  Present Counsel for Defendants UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC (the "UBER Defendants") in the L.A. TAXI CASE (the IRELL & MANELLA firm) has deferred to the judgment of Counsel for the UBER Defendants in the ROSEN CASE (the ALLEN MATKINS firm,) which will also be representing the UBER Defendants in the A TAXI CASE; the UBER Defendants have agreed to stipulate that these four cases are related, and the STIPULATION is attached as Exhibit A.  Plaintiffs in the L.A. TAXI CASE, Plaintiffs in the ROSEN CASE, and Plaintiff in the DE SOTO case have not agreed to so stipulate.  There has not yet been an appearance by Defendants in the DE SOTO CASE.

Under Local Rule 3-12(a), cases are related if (1) "[t]he actions concern substantially the same parties, property, transaction or event," and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Here, both requirements are met.

1.   ARGUMENT:

The Plaintiffs in all four of these cases are licensed taxicab companies or drivers who have sued the UBER Defendants directly under the *Lanham Act* and the California False Advertising Law, or (in the case of the DE SOTO CASE,) have sued the CALIFORNIA PUBLIC UTILITIES COMMISSION ("CPUC") on constitutional bases, challenging its right to have issued the Transportation Network Company ("TNC") license under which the UBER Defendants operate in California.  The ROSEN CASE and A TAXI CASE Plaintiffs have also sued the UBER Defendants under Unfair Competition Law and the Unfair Business Practices Act.  There is a remarkable overlap of factual allegations among all four cases.  Each case is based on the premise that UBER cars operate in the same cities and counties and compete with Plaintiffs' respective taxicab operations for customers (L.A. TAXI Compl., paras. 36-37; ROSEN Compl. paras. 25-28; DE SOTO Compl. paras. 18-20; and A TAXI Compl., para. 54.)

The Complaints in the L.A. TAXI CASE, the ROSEN CASE, and the A TAXI CASE each reference the allegations of a pending state court action against the UBER Defendants

1  brought by the San Francisco and Los Angeles County District Attorneys Offices, "*People of the*
2  *State of California v. Uber Technologies, Inc.*," filed December 9, 2014 as San Francisco
3  Superior Court as Case #CGC-14-543120; a copy of that Complaint is attached as Exhibit "A" to
4  each complaint (or in the case of the A TAXI CASE, referenced in para. 48 of the Complaint.)
5  All three of these cases set forth substantially the same allegations of false advertising against the
6  UBER Defendants over the same general time period, targeting without limitation "industry-
7  leading" safety comments (L.A. TAXI Compl. para. 63; ROSEN Compl. paras. 29-36 &78-80;
8  TAXI Compl. para. 70), background check representations (L.A. TAXI Compl. para. 70;
9  ROSEN Compl. paras. 53-66; A TAXI Compl. paras. 70&79), and the comparison of the safety
10 of rides in UBER cars with those in taxicabs (L.A. TAXI Compl. para. 65; ROSEN Compl.
11 paras. 37-52 & 72-84; A TAXI Compl. paras. 70&79.)  The ROSEN Complaint and the A TAXI
12 Complaint also share specific allegations of UBER drivers usurping vested specialty taxi
13 permits:  in the ROSEN Complaint, medallion-holding taxidrivers' ability to pick up fares at the
14 San Francisco Airport (paras. 14 &23); in the A TAXI Complaint, City of Anaheim Taxicab
15 Franchise permits (paras. 18-24, 30-33, & 52-55.)  Both the A TAXI CASE and DE SOTO
16 CASE Complaints refer to UBER cars as "*de facto*" taxis (*passim throughout these Complaints.)*

17       The A TAXI CASE advances constitutional and civil rights claims against the CPUC that
18 are strikingly similar to those in the DE SOTO CASE.  The A TAXI CASE sues the same five
19 CPUC Commissioners as does the DE SOTO CASE; and sues the CPUC as an entity as well.
20 Both challenge the CPUC's authority to create and implement the TNC license (A TAXI Compl.
21 paras. 85-106; DE SOTO Compl. paras. 9-51) on constitutional (equal protection and due
22 process) bases.  Both the A TAXI CASE and the DE SOTO CASE also allege that the CPUC
23 Commissioners violated the Federal Civil Rights of authentic taxi drivers by exceeding THE
24 CPUC's authority in creating (and then failing to properly administer) the TNC license.  Both
25 cases seek damages and injunctive relief under 42 *U.S.C.* sections 1983 *et seq.  (*A TAXI Compl.
26 paras. 34-46 & 85-106; DESOTO CAB Compl. paras. 9-51.)

27       The ROSEN CASE, while stopping short of naming the CPUC, also contains a myriad of
28 charges that sound in negligence against the CPUC in creating and giving a TNC license to the

UBER Defendants, overlooking their disobedience of the CPUC Regulations, and ignoring Cease and Desist Orders (ROSEN Compl. paras. 10-24.) These allegations echo those at paras. 85-106 of the A TAXI CASE Complaint which charge that the CPUC gave the UBER Defendants a TNC license but then failed to properly administer and enforce its requirements.

Plaintiffs in the L.A. TAXI CASE opine that the cases are not related because the A TAXI CASE also sues the CPUC.  It should be noted that A TAXI's earlier Motion For Leave to File a Complaint-in-Intervention in the L.A. TAXI CASE (which Plaintiff L.A. TAXI opposed) was denied on August 27, 2015 on the grounds that the allegations of the [Proposed] Complaint-in-Intervention contained allegations against the CPUC which would unduly delay and prejudice the adjudication of the L.A. TAXI Complaint.

However, the standards are quite different in considering whether or not cases are related. In denying the Motion to Intervene, the Court in the L.A. TAXI CASE did not rule on whether similar claims in a separate "stand-alone" Complaint would be deemed "related."

It is respectfully submitted that all four of these cases can and should be deemed related, as the facts and circumstances of each embrace the constructs of Local Rule 3-12(a), as follows:
*A. Rule 3-12(a) (1)*: "[T]he actions concern substantially the same parties, property, transaction or event":

Three out of four of the cases name the exact same UBER Defendants, reference or incorporate the allegations of a pending San Francisco State Court Complaint against those same UBER Defendants, and sue on the same *Lanham Act* and false advertising grounds.  Two of these also bring pendent unfair competition-related challenges.  Three out of four of the cases allege malfeasance on the part of the CPUC, and two of those sue the exact same CPUC Commissioners.  While each of the four cases does not sue the exact same parties, they need not do so in order to be "related;" the parties need only be "substantially" the same.  Moreover, each of the four cases concern the same "property" (proceeds from taxi fares), "transaction" (on-demand transportation); and "event" (the advent of UBER and creation of the TNC License.) If the intersections and overlaps of the identities of the parties, the property, the transaction, and the event were charted in a *Venn Diagram* using four partially overlapping elipses (elipses are

required instead of circles where there are four variables,) the centerpart at which the similarities of these aspects were charted would be the most-heavily weighted.  The subjects of UBER, taxi service, taxi drivers and companies, and monetary damage would all cram its borders.  The next most-heavily populated areas would be the interior overlaps, containing the CPUC, *Lanham Act,* false advertising and unfair competition claims, and constitutional challenges.  Almost nothing would populate the outlying areas, as there are far more similarities than differences.

B. *Rule 3-12(a)(2):*  "[I]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Most striking in the relation of the cases are the remedies sought.  The L.A. TAXI CASE, the ROSEN CASE, the DE SOTO CASE and the A TAXI CASE *all* seek injunctive relief against UBER.  All request a jury trial.  All seek damages related to the operations of UBER.  The factual underpinnings of all are the same:  taxi companies and drivers, playing by the "rules," have been damaged and are at risk of being put out of business because of the acts of UBER, not playing by the rules.  There will be huge overlaps in discovery and expert work.  If these four cases are litigated separately, there will be an incredible duplication of labor and expense, and there may well be conflicting holdings.  The interests of judicial economy militate in favor of finding that the cases are related.

2. CONCLUSION:

As the L.A. TAXI, ROSEN, DE SOTO, and A TAXI CASES involve many of the same allegations related to the same transaction that will require an analysis of overlapping evidence and argument, the cases should be deemed related under Local Rules 3-12 and 7-11.

Respectfully Submitted,
*CAZZELL & ASSOCIATES, ATTORNEYS*

/S/  Maryann Cazzell, Esq.

Dated:  December 10, 2015        _____
By:  MARYANN CAZZELL, ESQ.
Attorneys for A WHITE AND YELLOW CAB, INC. dba A TAXI CAB,  etc.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 406 W. Fourth Street, Santa Ana, California 92701.

On December 11, 2015 I served the documents described hereinbelow on each of the parties listed on the attached service list:

* ADMINISTRATIVE MOTION OF A WHITE AND YELLOW CAB, INC., PLAINTIFF IN CASE #4:15-CV-05163-JSW, TO DETERMINE WHETHER CASES SHOULD BE DEEMED RELATED

* DECLARATION OF MARYANN CAZZELL IN SUPPORT OF ADMINISTRATIVE MOTION TO DETERMINE WHETHER CASES SHOULD BE RELATED (Including Exhibit "A" STIPULATION); and

* [PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION OF A WHITE AND YELLOW CAB, INC. TO HAVE CASES DEEMED RELATED

**xx BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated below, with postage fully prepaid, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date is more than one day after date of deposit for mailing in affidavit.

Executed on December 11, 2015 at Santa Ana, California.

**xx**      (State)      I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

/S/ Maryann Cazzell

_____
*MARYANN CAZZELL*

*SERVICE LIST*

| **Counsel for L.A. TAXI PLAINTIFFS:** | **Counsel for L.A. TAXI DEFENDANTS:** |
|---|---|
| Bruce E. Simon, Esq.<br>Benjamin E. Shiftan, Esq.<br>PEARSON, SIMON & WARSHAW, LLP<br>44 Montgomery Street, Ste. 2450<br>San Francisco, CA 94104 | Andra Barmash Greene, Esq.<br>A. Matthew Ashley, Esq.<br>IRELL & MANELLA, L.L.P.<br>840 Newport Center Drive, Ste. 400<br>Newport Beach, CA 92660-6324 |
| Christopher B. Dolan, Esq.<br>THE DOLAN LAW FIRM<br>1438 Market Street<br>San Francisco, CA 94102 | |
| **Counsel for ROSEN PLAINTIFFS:** | **Counsel for ROSEN DEFENDANTS and A TAXI DEFENDANTS:** |
| Harold. M. Jaffe, Esq.<br>LAW OFFICES OF HAROLD M. JAFFE<br>3521 Grand Ave.<br>Oakland, CA 94610 | Marshall C. Wallace, Esq.<br>ALLEN MATKINS LECK GAMBLE<br>MALLORY & NATSIS LLP<br>Three Embarcadero Center, 12th Fl.<br>San Francisco, CA 94111-4074 |
| Brian W. Newcomb, Esq.<br>LAW OFFICES OF BRIAN W. NEWCOMB<br>770 Menlo Avenue, Ste. 101<br>Menlo Park, CA 94025 | |
| **Counsel for DE SOTO PLAINTIFFS:** | (NO APPEARANCE FOR DE SOTO DEFENDANTS)<br>(But see address entry immediately below) |
| Shannon Michele Seibert, Esq.<br>Joseph Isaac Bautista, Esq.<br>SEIBERT & BAUTISTA<br>100 Pine Street, Ste. 1250<br>San Francisco, CA 94111 | |
| | **Additional A TAXI CASE DEFENDANTS:**<br>(No appearance yet by counsel)<br><br>Commissioners Picker, Florio, Sandoval, Peterman, and Randolph<br>CALIFORNIA PUBLIC UTILITIES COMM.<br>505 Van Ness Avenue<br>San Francisco, CA 94102-3298 |