ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
MARSHALL C. WALLACE (BAR NO. 127103)
KAMRAN JAVANDEL (BAR NO. 272900)
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  mwallace@allenmatkins.com
         kjavandel@allenmatkins.com

MARISSA M. DENNIS (BAR NO. 245027)
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone:  (213) 622-5555
Fax:  (213) 620-8816
E-Mail:  mdennis@allenmatkins.com

UBER TECHNOLOGIES, INC.
KEITH D. YANDELL (BAR NO. 233146)
MARTIN D. WHITE (BAR NO. 253476)
1455 Market Street, 4th Floor
San Francisco, CA 94103
Phone:  (925) 708-7552
E-Mail:  yandell@uber.com
         mwhite@uber.com

Attorneys for Defendants
UBER TECHNOLOGIES, INC.; RASIER, LLC;
RASIER-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A WHITE AND YELLOW CAB, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 4:15-05163-JSW<br><br>**UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF HEARING ON MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF COMPLAINT; MOTION TO STRIKE PORTIONS OF COMPLAINT**<br><br>Date:   June 3, 2016<br>Time:   9:00 a.m.<br>Ctrm:   5<br>Judge:  Hon. Jeffrey S. White<br><br>Trial Date:  N/A |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

994972.01/SF

Notice of Hearing on Motion to Dismiss and
Motion to Strike Portions of Complaint

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to the Court's Order extending time for responsive pleadings (ECF No. 17), on June 3, 2016 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, CA 94612, before the Honorable Jeffrey S. White, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC will and hereby do move the Court for an order dismissing the first, second, fourth and fifth claims for relief of Plaintiff's Complaint, and an order striking the portions of Plaintiff's Complaint identified in the following Motion To Strike.

The motion to dismiss is made under Federal Rules of Civil Procedure, Rule 12(b)(1) on the ground that the Court lacks jurisdiction to adjudicate Plaintiff's claims due to the California Public Utilities Commission's exclusive jurisdiction of such matters under Cal. Pub. Util. Code §§ 1759 and 1756(a), and Rule 12(b)(6) on the ground that Plaintiff has failed to state a claim upon which relief can be granted.

The motion to strike is made under Federal Rules of Civil Procedure, Rule 12(f) on the ground that the Court may strike out any redundant, immaterial, or impertinent matter inserted in a pleading. The matters to be stricken are set forth in more detail in the following Motion To Strike.

In the alternative, Defendants will and hereby do move for a more definite statement of pleading under Federal Rules of Civil Procedure, Rule 12(e).

The motion to dismiss and motion to strike are based on this Notice, the accompanying Motion To Strike, Memorandum Of Points And Authorities, Request For Judicial Notice, Declaration Of Kamran Javandel, all other pleadings and papers on file in this action, and all further argument and documents presented before or at the hearing.

Defendants made a good faith effort to meet and confer with Plaintiff's attorney to avoid or reduce the issues presented by this motion. *See* Javandel Declaration.

### MOTION TO STRIKE

Pursuant to Fed. R. Civ. P. 12(f), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC hereby move to strike the portions of the Complaint which contain

redundant, immaterial, or impertinent matters.  The specific allegations which Defendants move to strike are set forth verbatim below:

    1.    Prayer for Relief, Paragraph 2, page 43, lines 17-19, which states:  "For restitution of UBER receipts of A TAXI's vested property interests in approximately 20% of UBER's receipts from its *de facto* taxicab operations in the City of Anaheim."

    2.    Prayer for Relief, Paragraph 11, page 44, lines 15-18, which states: "For restitution of UBER receipts of A TAXI's vested property interest in approximately 20% of UBER's receipts from its *de* facto taxicab operations in the City of Anaheim, by which UBER was unjustly enriched to the detriment of A TAXI."

Dated:  March 4, 2016

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:    */s/ Marshall C. Wallace*
MARSHALL C. WALLACE
Attorneys for Defendants
UBER TECHNOLOGIES, INC.;
RASIER, LLC; RASIER-CA, LLC