**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A WHITE AND YELLOW CAB, INC., Plaintiff, v. UBER TECHNOLOGIES, INC., et al., Defendants. | Case No. 15-cv-05163-JSW **ORDER GRANTING, IN PART, AND DENYING WITHOUT PREJUDICE, IN PART, MOTION TO DISMISS FIRST AMENDED COMPLAINT** Re: Dkt. No. 72 |

Now before the Court for consideration is the motion to dismiss filed by Uber Technologies, Inc. ("Uber"), Rasier, LLC, and Rasier-CA, LLC (collectively "the Uber Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS, IN PART, and DENIES WITHOUT PREJUDICE, IN PART, the Uber Defendants' motion to dismiss.

**BACKGROUND[1]**

The facts and regulatory scheme that gave rise to this dispute are set forth in the Court's Orders granting, in part, and denying, in part, motions to dismiss filed by the Uber Defendants and the California Public Utilities Commission ("CPUC").[2] *See* Dkt. No. 63; *A White and Yellow Cab,*

---

[1] In their briefs, the parties refer to documents attached to requests for judicial notice that they filed when the Uber Defendants moved to dismiss Plaintiff's original complaint. The Uber Defendants filed a supplemental request for judicial notice when it filed its reply brief in support of the motion to dismiss the First Amended Complaint, and Plaintiff objects to that request. (Dkt. Nos. 80-1, 81.) The Court shall address individual documents as required in its analysis. If a document submitted with a request for judicial notice is not mentioned in this Order, the Court has not relied on it to resolve these motions.

[2] Plaintiff dismissed its claim against the CPUC and its Commissioners. (Dkt. No. 77.)

1

*Inc. v. Uber Technologies, Inc.*, No. 15-cv-5163-JSW, 2017 WL 1208384, at *1-*3 (N.D. Cal. Mar. 31, 2017). Until April 2016, Plaintiff operated what it refers to as an "authentic" taxi company.[3] (First Amended Complaint ("FAC") ¶ 3). In California, taxis are regulated by municipalities rather than the CPUC. *See, e.g.,* Cal. Gov. Code § 53075.5; Cal. Pub. Util. Code § 5353(g). In contrast, the CPUC regulates "charter-party carriers" pursuant to the Charter-Party Carriers of Passengers Act. *See* Cal. Pub. Util. Code §§ 5351-5444.

Prior to 2012, the CPUC recognized and regulated two forms of "transportation for compensation," charter-party carrier services and passenger stage companies. (*See, e.g.,* Dkt. No. 18, Uber Request for Judicial Notice ("Uber RJN"), Ex. A, Decision 13-09-045, Decision Adopting Rules and Regulations to Protect Public Safety While Allowing New Entrants to the Transportation Industry ("Phase I decision") at 11.)[4] On December 27, 2012, the CPUC instituted a rulemaking proceeding to address "transportation network companies" ("TNCs") and sought comment on issues such as public safety and insurance, as well as "how the Commission's existing jurisdiction … should be applied to businesses like Uber, Sidecar, and Lyft." (Uber RJN, Ex. G, Order Instituting Rulemaking ("OIR") at 5-6, 10.)[5] On September 19, 2013, the CPUC issued a decision classifying companies like the Uber Defendants as TNCs.[6] (Phase I decision at 2, 71.) The CPUC assumed jurisdiction over TNCs, promulgated a number of rules and regulations to govern TNCs, and stated that the TNC rulemaking proceedings would carry over

---

[3] Plaintiff has withdrawn its request for injunctive relief.

[4] The Court takes judicial notice of the existence of the Phase I decision, the rulings set forth therein, and the fact that statements were made by the CPUC. The Court does not take judicial notice of any disputed facts contained in the Phase I decision. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); Fed. R. Evid. 201.

[5] The Court takes judicial notice of the existence of the OIR and the fact that statements were made by the CPUC. The Court does not take judicial notice of any disputed facts contained in the OIR. *See, e.g., Lee*, 250 F.3d at 689-90; Fed. R. Evid. 201.

[6] The question of whether Uber Technologies, Inc. qualifies as a TNC remains under consideration. (Uber RJN, Ex. F, Assigned Commissioner and Administrative Law Judge's Ruling Amending the Scoping Memo and Ruling for Phase II of Proceeding at 6; Dkt. No. 34-2, Uber Defendants' Supplemental Request for Judicial Notice ("Uber Supp. RJN"), Ex. W, Decision on Phase II Issues and Reserving Additional Issues for Resolution in Phase III ("Phase II decision") at 5, 9.) The CPUC has issued Rasier-CA, LLC a TNC permit. (Uber RJN, Ex. I.)

into a second phase (the "Phase II proceedings). (*See, e.g., id.* at 3, 71-75.) Those proceedings are ongoing. (*See, e.g.,* Dkt. No. 80-1, Uber Supplemental Request for Judicial Notice Exs. A-C.)

Plaintiff alleges that although Rasier-CA, LLC has been designated a TNC by the CPUC, the Uber Defendants operate *de facto* taxis, which unfairly compete with authentic taxis. (*See, e.g,* FAC ¶¶ 3, 14, 38-40, 44, 56-60.) Plaintiff alleges the Uber Defendants were not subject to the same type of regulations imposed on Plaintiff by the Orange County Taxi Administrative Program ("OCTAP"). Plaintiff alleges that, "over time[,] some of those deficiencies have been addressed, but the background checks on Uber drivers, safety checks of their vehicles, and rules for the maintenance of commercial liability insurance remain quite deficient." (*Id.* ¶ 40; *see also id.* ¶ 42.)

Plaintiff also alleges the Uber Defendants operate *de facto* taxis in all of the areas in which Plaintiff operated "authentic" taxis, including Anaheim. (*Id.* ¶ 58.) Plaintiff alleges that in Anaheim it had a "vested property right to be one of the only two or three taxicab companies allowed to pick up fares ... [and] had a vested property right to earn a predetermined market share of the earnings from Anaheim taxicab passengers." (*Id.* ¶ 52.) Plaintiff also alleges that it had exclusive contracts with the Santa Ana Depot to pick up fares and had exclusive contracts with certain hotels and restaurants in the Orange County area. (*Id.* ¶¶ 56-58.) According to Plaintiff "[o]n a daily basis" the Uber Defendants "unfairly competed directly with [Plaintiff] for the same profits that [Plaintiff] would otherwise have obtained (through its drivers' lease payments,) and [the Uber Defendants] ... were able to secure those taxi fares in place and in stead [*sic*] of" Plaintiff. (*Id.* ¶ 59.)

Based on these and other allegations, which the Court shall address as necessary, Plaintiff brings claims against the Uber Defendants for: (1) alleged violations of California's unfair competition law, Business and Professions Code sections 17200, *et seq.* (the "UCL Claim"); and (2) alleged violations of California's unfair practices act, Business and Professions Code section 17000, *et seq.* (the "UPA Claim").[7]

---

[7] Plaintiff also brings a Lanham Act claim against the Uber Defendants, which is not at issue in this motion. Although the Court granted Plaintiff leave to amend its claim under California's

3

**ANALYSIS**

**A.     Applicable Legal Standards.**

    **1.     Federal Rule of Civil Procedure Rule 12(b)(1).**

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where a defendant makes a facial attack on jurisdiction, factual allegations of the complaint are taken as true. *Federation of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal citation and quotations omitted). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Federation of African Am. Contractors*, 96 F.3d at 1207.

In contrast, a factual attack on subject matter jurisdiction occurs when a defendant challenges the actual lack of jurisdiction with affidavits or other evidence. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support … jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). The district court may resolve those factual disputes itself, unless "the existence of jurisdiction turns on disputed factual issues[.]" *Id.* at 1121-22 (citations omitted).

    **2.     Federal Rule of Civil Procedure 12(b)(6).**

On a motion to dismiss under Rule 12(b)(6), the Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation

---

False Advertising Law, Plaintiff chose not to pursue that claim in the FAC.

to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a claim for relief will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     The Court Dismisses the Claims Premised on *DeFacto* Taxi Allegations.**

The Uber Defendants once again move to dismiss Plaintiff's UCL and UPA claims on the basis that the claims, or a portion thereof, fall within the exclusive jurisdiction of the CPUC. As in its original complaint, a common theme of Plaintiff's claims is that the Uber Defendants unfairly compete with Plaintiff and engage in unlawful conduct, because they do not comply with regulations applicable to authentic taxi companies, which in Plaintiff's view are more stringent than the regulations applied to TNCs. (*See, e.g.,* FAC ¶¶ 54.a-54.d, 55, 62.) The Uber Defendants renew their argument that any claims based on the allegation that they operate a *de facto* taxi service are barred by California Public Utilities Code section 1759(a). The Court granted the Uber Defendants' motion to dismiss Plaintiff's original complaint, with leave to amend, to the extent Plaintiff's claims were based on the *de facto* taxi allegations. The Court concluded that if it "were to find for Plaintiff and conclude that Uber should be subject to requirements applicable to regular taxis, that finding would 'hinder or interfere with a broad and continuing CPUC program.'" *A White and Yellow Cab,* 2017 WL 1288384, at * 7 (quoting *Rosen v. Uber Technologies, Inc.*, 164 F. Supp. 3d 1165, 1175 (N.D. Cal. 2016) ("*Rosen II*")).

The Uber Defendants argue that Plaintiff's new allegations only reinforce that the conclusion that any claims based on "*de facto*" taxi allegations are barred by Section 1759(a).

That section provides:

> [n]o court of this state, except the Supreme Court and the court of appeal, to the extent specified in this article, shall have jurisdiction to review, reverse, correct, or annul any order of decision of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its official duties, as provided by law and the rules of court.

In order to determine whether Section 1759(a) bars Plaintiff's amended claims, the Court must consider: "(1) whether the [CPUC] had the authority to adopt a regulatory policy on the subject matter of the litigation; (2) whether the [CPUC] had exercised that authority; and (3) whether action in the case before the court would hinder or interfere with the [CPUC's] exercise of regulatory authority." *Kairy v. SuperShuttle, Intern.*, 660 F.3d 1146, 1150 (9th Cir. 2011) (citing *San Diego Gas & Electric Co. v. Superior Court (Covalt)*, 13 Cal. 4th 893, 923-935 (1996)).[8]

Plaintiff does not dispute that the first two prongs of the *Covalt* test are satisfied, and the Court once again finds they are. Plaintiff argues, however, that the allegations in the FAC do not satisfy the third prong of the *Covalt* test because: (1) it has ceased operations and, thus, no longer seeks injunctive relief; and (2) it focuses on the effects of the first phase of the CPUC Proceedings. Plaintiff also argues the third prong is not satisfied, because it has dismissed the claims against the CPUC. The Court find these arguments do not alter its previous analysis of the third prong of the test. The Court's focus must be on whether a ruling Plaintiff's favor would hinder or interfere with the CPUC's exercise of regulatory authority, which is on-going.

The Court recognizes that Plaintiff does not allege the Uber Defendants failed to comply with regulations issued by the CPUC. Instead, it argues the Uber Defendants should not be subject to those regulations at all, which distinguishes the facts here from the facts alleged in *Rosen II*. However, Plaintiff continues to allege the Uber Defendants do not qualify either as a charter-party carrier or as a TNC, because trips are not prearranged. (*See* FAC ¶ 45.) It also alleges the Uber Defendants' conduct is unlawful, because they operate "*de facto* taxis without

---

[8] The *Covalt* test was "designed to resolve conflicts between actions brought against a public utility under Public Utility Code § 2106," which provides for a private right of action, "and the jurisdiction-stripping provision in § 1759." *Kairy*, 660 F.3d at 1149.

complying with the OCTAP Regulations." (*Id.* ¶ 60.d; *see also id*. ¶ 68.) Further, in Plaintiff's view "the ultimate issue" in this case still is whether "Uber drivers are operating '*de facto*' taxicabs[.]" (Dkt. No. 79, Opp. Br. at 2:25-26.) In sum, the "gravamen" of Plaintiff's claims is that the Uber Defendants operate an unlicensed and unregulated taxi service. The Court again finds that if the Court were to find for Plaintiff and conclude that the Uber Defendant compete unfairly or engage in unlawful conduct because they should be subject to requirements applicable to regular taxis, that finding would "hinder or interfere with a broad and continuing CPUC program." *Rosen II*, 164 F. Supp. 3d at 1175.

Accordingly, the Court grants, in part, the Uber Defendants' motion to dismiss on this basis. The Court gave Plaintiff the opportunity to amend their claims. Having considered the amended allegations and the fact that Plaintiff's underlying theory of liability remains unchanged, the Court concludes that any further amendments relating to the *de facto* taxi allegations would be futile. Therefore, to the extent Plaintiffs' UCL and UPA claims are premised on the *de facto* taxi allegations, they are dismissed with prejudice.

**C.   The Court Denies, Without Prejudice, the Motion to Dismiss the UCL Claim Based on the Restitution Issue and the Motion to Dismiss the UPA Claim.**

The Uber Defendants also move to dismiss the UCL claim on the basis that Plaintiff fails to allege facts to show it is entitled to restitution. The Uber Defendants also move to dismiss the UPA Claim on the basis that Plaintiff cannot show this claim does not fall within an exemption contained in Business and Professions Code section 17024(1) and on the basis that Plaintiff fails to allege sufficient facts to state a claim. In light of the Court's ruling on the *de facto* taxi allegations, it is not clear what, if anything, remains of these two claims.[9] Therefore, the Court denies, without prejudice, the remainder of the Uber Defendants' motion to dismiss.

The parties shall meet and confer, as that term is defined in the Northern District Civil Local Rules, on what, if anything, remains of the UCL and the UPA claims. They shall advise the

---

[9] For example, with respect to the exemption contained in Section 17024(1), although Rasier-CA, LLC has been designated as a TNC, the proceedings relating to Uber's status are on-going. Rasier, LLC's status is unclear.

7

Court of their positions on this issue in the joint case management statement due on October 27, 2017. For example, if Plaintiff agrees that ruling on the *de facto* taxi allegations completely disposes of the UCL Claim, the issue of restitution is moot. If, however, Plaintiff takes the position that some portion of the UCL Claim survives this ruling and the Uber Defendants take the position it does not, the parties shall propose a briefing schedule to resolve that dispute as well as whether the allegations are sufficient to show Plaintiff seeks restitution rather than non-restitutionary disgorgement. As to the latter issue, the parties may incorporate by reference the arguments contained in the briefs submitted in connection with this motion.

Similarly, with respect to the application of the exemption contained in Section 17024(1), although Rasier-CA, LLC has been designated as a TNC, the proceedings relating to Uber's status are on-going and Rasier, LLC's status is unclear. As to the sufficiency of the allegations to state the below-cost pricing claim, if parties disagree about whether this aspect of the UPA claim survives the ruling on the *de facto* taxi allegations, the parties shall propose a briefing schedule to resolve that dispute as well as whether the allegations are sufficient. As to the latter issue, the parties may incorporate by reference the arguments contained in the briefs submitted in connection with this motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, WITHOUT PREJUDICE, IN PART, the Uber Defendants' motion to dismiss. The Court EXTENDS Uber's time to file an answer until November 9, 2017. The Court will extend that deadline if must consider a motion addressing the remainder of the UCL and the UPA Claims. The parties shall appear as scheduled for the case management conference on November 3, 2017 at 11:00 a.m., and they shall file their joint case management conference statement by October 27, 2017.

**IT IS SO ORDERED.**

Dated: October 17, 2017

_____
JEFFREY S. WHITE
United States District Judge